NOT FOR PUBLICATION

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE


_____ :
                               :
In the matter of               :   Civil No. 06-3355 (RBK)
HOME NETWORK BUILDERS, INC.,   :
                               :   OPINION
              Debtor,          :
                               :
_____ :
```

**KUGLER**, United States District Judge:

This matter comes before the Court on appeal by Home Network Builders, Inc. ("Home Network") from an Order by the United States Bankruptcy Court for the District of New Jersey denying Appellant's motion to reconvert its case from Chapter 7 to Chapter 11. For the reasons set forth below, the Bankruptcy Court's decision is affirmed.

**I.      Background and Procedural History**

Home Network was once engaged in the construction of single family homes on property in Maple Shade, New Jersey. All of the lots for these homes are encumbered by mortgages held by Gloucester County Federal Savings Bank ("GCFSB"). Moreover, these lots are encumbered by tax liens and mechanics liens.

Unable to satisfy its debts, Home Network ceased operations in 2002.

On November 17, 2005, Home Network filed a petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey, Camden Vicinage.[1]  On January 2, 2006, supporting schedules and a statement of financial affairs were filed, indicating secured debts of $1,026,500.35 and unsecured debts of $931,624.60.  Home Network's statement of financial affairs indicated that the company had no income during 2003, 2004, or 2005.  On April 10, 2006, GCFSB filed its Proof of Claims against Home Network valued in excess of $2 million, with $1 million being secured by debtors' real property.[2]

Home Network originally filed under Chapter 11 on the basis that it would secure $1 million in financing from a real estate developer, Michael DiPaolo ("DiPaolo"), and would be able to reorganize under Chapter 11 and complete development of its lots. However, after a series of status conferences, it became apparent that Home Network and DiPaolo had not come to an

---

[1] On the same day, a voluntary Chapter 11 petition was filed by a related entity, Home Network Builders at Maple Shade, LLC.  Although the facts are nearly identical regarding both entities, this opinion deals exclusively with Home Network Builders, Inc.'s appeal from the Bankruptcy Court's denial of its motion to convert.

[2] The value of the Proof of Claims filed by GCFSB represent the aggregate value assessed against both Home Network Builders, Inc. and Home Network Builders at Maple Shade, LLC.

agreement about the terms or the amounts necessary for the completion of the project.  DiPaolo was no longer interested in making a financial commitment to Home Network as of a status conference held on April 25, 2006.  As a result of DiPaolo's financing never being received by Home Network, Chief Judge Wizmur converted the case to Chapter 7, leaving open the possibility for Home Network to reconvert back to Chapter 11.  The order converting the case to Chapter 7 was entered on May 4, 2006.

On May 22, 2006, Home Network moved to reconvert its Chapter 7 case back to Chapter 11 on the basis of a letter of intent ("Letter of Intent") for a pre-financing commitment of $1.8 million from Metro Funding Corporation ("MFC"), which it hoped would enable it to develop a feasible Chapter 11 plan for reorganization and complete development of its land.  However, this "commitment" could not be finalized until after the Bankruptcy Court converted the case back to Chapter 11 and the Debtor tendered MFC a $10,000 good faith fee.  Although the Letter of Intent expressly stated that "[i]n no way should this be considered a firm loan commitment," and that "only upon issuance of a firm loan commitment exact terms will be presented [sic]," Home Network asserted that the Letter of Intent ensured funding that would enable it to propose a plan that would pay all secured and unsecured creditors in full.  The United States

3

Trustee filed a Certification in Opposition of Home Network's motion to reconvert on June 8, 2006, noting that the Letter of Intent provided no detail as to the rates, terms, and conditions of any loan that might be given to Home Network after due diligence was completed, and questioning the viability of any reorganization plan that Home Network might propose.

Chief Judge Wizmur held a hearing on Home Network's motion to reconvert on June 19, 2006.  During this hearing, counsel for Home Network offered to present the testimony of a mortgage broker who would testify that the $10,000 good faith fee was being held in escrow.  Additionally, Home Network's counsel proffered that the mortgage broker would testify that MFC had completed its due diligence without receiving the good faith fee.  Chief Judge Wizmur refused to hear the mortgage broker's testimony on the basis that "[t]he mortgage broker is not the lender" and "cannot commit the lender," and because there was no evidence that MCF had actually committed to facts that the mortgage broker would offer in his testimony. (6/19/06 Tr. at 5.)

Chief Judge Wizmur subsequently denied Home Network's motion to reconvert to Chapter 11.  She determined that the case was "unsalvageable" as a result of the many "hurdles" it would take Home Network to reorganize in light of other countervailing evidence. (6/19/06 Tr. at 10.)  Home Network subsequently filed a notice of appeal with this Court on June 28, 2006, claiming that

4

Chief Judge Wizmur erred through her unwillingness to take the testimony of Home Network's witness prior to making her decision.

## II.     Jurisdiction and Standard of Review

This Court has appellate jurisdiction over a final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). Under Rule 8013 of the Federal Rules of Bankruptcy Procedure, findings of fact, whether based on oral or documentary evidence, cannot be set aside unless "clearly erroneous," and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of a witness. Fed. R. Bankr. P. 8013; In re Cellnet Data Systems, Inc., 327 F.3d 242, 244 (3d Cir. 2003). A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

To the contrary, legal conclusions of a Bankruptcy Court are subject to *de novo* or plenary review by a District Court. Id. Moreover, the Court applies a dual standard to mixed questions of law and fact. Id.; see also In re Brown, 951 F.2d 564, 567 (3d Cir. 1991) ("Mixed questions of law and fact must be divided into their respective components and the appropriate test applied."). Regardless of the standard, an exercise of discretion

5

by the Bankruptcy Court is conclusive unless it constitutes an abuse of discretion. See In re Vertientes, Ltd., 845 F.2d 57, 59 (3d Cir. 1988).

**III.     Discussion**

**A.      Section 706(b) Conversion Standard**

A motion to convert a bankruptcy case from one under Chapter 7 to one under Chapter 11 is governed by 11 U.S.C. § 706. Subsection (a) of § 706 gives a Chapter 7 debtor that is not acting in bad faith the right to convert from Chapter 7 to Chapter 11 unless (I) the case has previously been converted from Chapter 11 pursuant to 11 U.S.C. § 1112(b), or (ii) it is ineligible to be a Chapter 11 debtor.  See 11 U.S.C. § 706(a), (d); 11 U.S.C. § 109(d) (eligibility criteria for Chapter 11).

Where a debtor has previously been converted from Chapter 11, however, reconversion back to Chapter 11 is governed by subsection (b) of § 706.  This subsection provides that "[o]n request of a party in interest and after notice and a hearing, the court may convert a case [presently under Chapter 7] to a case under Chapter 11 . . . at any time."  11 U.S.C. § 706(b). Where a Bankruptcy Code provision uses the phrase "after notice and a hearing, it means "after such notices as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. §

6

102(1)(A).

A motion to convert under § 706(b) is a "contested matter to which Federal Rule of Bankruptcy Procedure 9014 applies." Fed. R. Bankr. P. 1017(f)(1). Relevant to the present matter, Subsection (a) of Bankruptcy Rule 9014 provides that "reasonable opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). Additionally, subsection (d) of Bankruptcy Rule 9014 provides that "[t]estimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding." Fed. R. Bankr. P. 9014(d). While Bankruptcy Rule 9014 does not expressly provide the movant with "opportunity for hearing," it makes Bankruptcy Rule 7052 applicable to contested matters. Fed. R. Bankr. P. 9014(c). Bankruptcy Rule 7052 incorporates Federal Rule of Civil Procedure 52, which addresses findings by the court. Pursuant to Federal Rule of Civil Procedure 52(a), "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." Fed. R. Civ. P. 52(a). This is the same standard imposed upon this Court under Bankruptcy Rule 8013.

**B.      Analysis**

Pursuant to the plain language and the legislative history of § 706(b), it is clear that decisions involving conversion are left in the sound discretion of the Bankruptcy

Court.  The plain language of § 706(b) specifically states that the Bankruptcy Court "may" convert a Chapter 7 case to a Chapter 11 case, as opposed to "shall", indicating that conversion is in the bankruptcy court's discretion.  This comports with the legislative history of § 706(b), which offers that "[t]he decision whether to convert is left in the sound discretion of the court, based on what will most inure to the benefit of all parties in interest."  H.R. Rep. No. 595, 95th Cong., 1st Sess. at 380 (1977); S. Rep. No. 95-989, 95th Cong., 2d Sess. at 94 (1978).  Accordingly, unless the Bankruptcy Court erred in applying the appropriate legal standard or made erroneous findings of fact, its exercise of discretion must remain undisturbed.  Ferrero U.S.A., Inc. V. Ozark Trading, Inc., 952 F.2d 44, 48 (3d Cir. 1991).

In determining whether conversion from Chapter 7 to Chapter 11 under § 706(b) will most inure to the benefit of all parties in interest, including both creditors and debtors, courts consider the factors in § 1112(b).  In re Walden Ridge Development, LLC, 292 B.R. 58, 61 (Bankr. D.N.J. 2003); In re Ryan, 267 B.R. 635, 637 (Bankr. N.D. Iowa 2001) (citing In re Finney, 992 F.2d 43, 45 (4th Cir. 1993)).  The § 1112(b) factors are considered because "[i]f cause exists to reconvert from Chapter 11 under § 1112(b), conversion from Chapter 7 under § 706(b) would be a futile and wasted act."  In re Ryan, 267 B.R.

8

at 637.  Among the reasons to convert from Chapter 11 to Chapter 7 to be considered under § 1112(b) are a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, denial of confirmation, inability to consummate a confirmed plan, material default with respect to a plan, and nonpayment of required fees.  11 U.S.C. § 1112(b).  Additionally, courts have considered whether the debtor has a business to reorganize as well as the debtor's assets, business operations, and whether a separate business infrastructure exists.  In re Lenhartz, 263 B.R. 331, 335 (Bankr. D. Idaho 2001); Thompson v. Daluise (In re Wet-Jet Int'l Inc.), 235 B.R. 142, 153 (Bankr. D. Mass. 1999).  Within the Third Circuit, the law is settled that the list provided in § 1112(b) is not exhaustive and courts should "consider other factors as they arise."  In re Brown, 951 F.2d at 572.

In conversion matters, the burden of proof lies on the moving party for conversion under § 706(b) to demonstrate the viability of a confirmable plan of reorganization in Chapter 11.  Thompson, 235 B.R. at 153.  In the present matter, Home Network contends that it would have been able to meet this burden had it not been for the Bankruptcy Court's refusal to hear testimony in support of its motion for conversion.  Specifically, Home Network argues, without further elaboration, that the Bankruptcy Court erred in refusing to hear testimony from its lender who was

9

"ready to testify that his pre-commitment letter would become a commitment letter in the sum of Nine Hundred Thousand ($900,000.00) Dollars once the Court granted Debtor's motion to reconvert back to a Chapter 11."  Brief of Appellant at 7.

Upon review of the record, this Court finds Home Network's argument unpersuasive.  While the Bankruptcy Court refused to hear the proffered testimony of Home Network's mortgage broker, this refusal was not an abuse of discretion.  Pursuant to Bankruptcy Rule 9014(d), when a witness can provide testimony regarding a disputed factual issue that is material to the Court's determination, the presiding judge must take this testimony in open court.  Fed. R. Bankr. P. 9014(d).  In making her determination on Home Network's motion, Chief Judge Wizmur was required to make a determination of the ability and willingness of MFC to lend an amount to Home Network that would make their reorganization plan feasible.

However, the testimony of Home Network's proposed witness, a mortgage broker, would not have offered Chief Judge Wizmur the information material to her determination.  The mortgage broker did not have the authority to bind MFC, and could only have testified regarding the escrow of the $10,000 good faith fee MFC required to initiate its due diligence process as stated in MFC's Letter of Intent.  Indisputably, the mortgage broker's testimony was limited to the information in the Letter

of Intent – the same Letter of Intent that Chief Judge Wizmur already had at her disposal.  The Letter of Intent provided information which only established that there was a mere *offer* made by MFC to Home Network to *consider* making a loan to Home Network in the event that Home Network satisfied certain requirements.  Accordingly, the Bankruptcy Court did not abuse its discretion by refusing to allow the mortgage broker to testify.

Even if Chief Judge Wizmur had heard the mortgage broker's testimony and determined that MFC was prepared to offer Home Network a loan, however, her decision to deny Home Network's petition was not in error.  In rendering her decision she noted that "even if that due diligence is completed, I think that the hurdles that have been outlined by the Chapter 7 Trustee should act to defeat the opportunity of these debtors to, in effect, try again and salvage what is, by all accounts, unsalvageable." (6/19/06 Tr. at 10.)  Specifically, Chief Judge Wizmur pointed to the fact that Home Network's operations had ceased "over three years ago," and that the debtor had accrued "substantial expenses" and witnessed the "expiration of approvals."  (Id.)

Indeed, the record makes it unquestionable that Home Network had many obstacles to overcome before it could obtain any financing from MFC and that it would face many subsequent hurdles even in the event that it did receive the requisite financing.

11

For example, Home Network failed to provide, among other things, a plan of how it would apply the proceeds if MFC granted the loan or how it would complete the development of its remaining lots and satisfy its secured obligations.  Taken together, this evidence prompted Chief Judge Wizmur to appropriately state: "I don't trust the process, frankly, to go forward in a way that would allow this to be put together." (Id.) Consequently, the Bankruptcy Court based its decision on the overall deficiencies in Home Network's plan of reorganization, deficiencies that testimony from the mortgage broker could not have overcome.

**IV.   Conclusion**

In light of the foregoing reasoning, Chief Judge Wizmur's decision to deny certain testimony proffered by Home Network and her decision to deny Home Network's motion to reconvert to Chapter 11 constituted neither an abuse of discretion nor clear error.  Thus, this Court finds no reason to disturb the Bankruptcy Court's judgment.  Accordingly, this Court will affirm the Bankruptcy Court's Order denying Home Network's motion for reconversion to Chapter 11.  The accompanying Order shall issue today.

Dated: November 22, 2006           s/ Robert B. Kugler
                                   ROBERT B. KUGLER
                                   United States District Judge